**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ABEL MANUELITO CHAVEZ,

    Defendant - Appellant.

No. 22-2040
(D.C. No. 1:21-CR-01519-KWR-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **EBEL**, and **CARSON**, Circuit Judges.
_____

Abel Manuelito Chavez pleaded guilty to being a felon in possession of a

firearm and ammunition, and he received an 87-month prison sentence. He has

appealed from that sentence despite the appeal waiver in his plea agreement. The

government now moves to enforce that waiver under _United States v. Hahn_, 359 F.3d

1315, 1328 (10th Cir. 2004) (en banc). Chavez has filed a response through counsel,

and he now concedes that the appeal waiver is enforceable.

When deciding a motion to enforce an appeal waiver, we normally ask:

"(1) whether the disputed appeal falls within the scope of the waiver of appellate

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.  But we need not address a *Hahn* factor the defendant does not dispute. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).  Chavez has conceded the government's motion and therefore does not address the *Hahn* factors. Accordingly, we do not address them either.

We grant the government's motion and dismiss this appeal.

Entered for the Court
Per Curiam